**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES,

    Plaintiff,

v.                                            Case Nos.   11-20129-7
                                                                   11-20066-5

CARY DALE VANDIVER, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE
AND AFFIRMING ORDER OF DETENTION**

Defendant Cary Vandiver is a former, and perhaps current, member and alleged leader of the Devils Diciples Motorcycle Club. He stands accused of racketeering, distributing methamphetamine, conspiring to suborn perjury, conspiring to threaten witnesses, and other offenses. After a hearing, a magistrate judge on July 17, 2012, ordered him detained pending trial. He moves to revoke the order of detention, and the Government responds. No additional hearing is needed.

Pre-trial detention protects the community from a dangerous defendant and assures the presence at trial of a defendant who might otherwise disappear. 18 U.S.C. § 3142(e)(1). A defendant may be detained if, in light of an array of factors, *id.* § 3142(g), either clear and convincing evidence shows he is dangerous or a preponderance of the evidence suggests he is inclined to flee, *id.* § 3142(f)(2)(B); *United States v. Hinton*, 113 F.App'x 76 (6th Cir. 2004). Here, however, there exists a presumption in favor of detention because a grand jury indicted Defendant for a drug

offense punishable by ten or more years in prison.  18 U.S.C. § 3142(e)(3)(A); *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010).

The third superceding indictment catalogues the Devils Diciples's epic alleged history of crime and mayhem, including murder, kidnaping, assault, intimidation, gunrunning, theft, robbery, perjury, destruction of evidence, other obstruction, and, above all else, extensive and sophisticated drug production, transportation, and distribution.  (11-20129, Dkt. # 72 at 15-50.)  Defendant acknowledges his past membership in the Devils Diciples.  That membership, even by itself, constitutes strong circumstantial evidence of dangerousness.  (*See* Order, Dkt. # 543 at 2 & n.1.)  There is, however, a good deal more.  The Government contends that Defendant served as a "National Warlord," the club's leader of "attacks on other motorcycle gangs and [on] enemies."  (Dkt. # 514 at 2.)  In 2004 Defendant allegedly helped the club extort a witness into lying, and in 2008 he allegedly joined an armed posse sent to menace a Diciple who had broken a club rule.  (Dkt # 72 at 27; Dkt. # 514, Ex. 1 at 8.)  As if to confirm that he remains a danger despite allegedly leaving the Diciples in 2009, he proclaimed during his arrest that he plans to "choke [the] eyeballs out" of a man he apparently thinks betrayed him.  (Dkt. # 514, Ex. 2.)  Moreover, Congress has declared that a drug dealer is typically dangerous—"run-of-the-mill" drug dealers "routinely" remain detained until trial, *Stone*, 608 F.3d at 947 n.6—and the indictment identifies two alleged instances in which Defendant transported or sold methamphetamine.  (Dkt. # 72 at 23, 31.)  He poses a clear danger to the community.

If convicted, Defendant, at fifty-three, may well remain in prison the rest of his life—the next thirty years.  (Dkt. # 514 at 8.)  The approach of a long sentence creates a

2

powerful incentive to flee, and, further, Defendant was or is affiliated with an organization that, the Government says, displays a pattern of hiding wanted members. Defendant therefore poses a risk of flight, as well.

Defendant objects to the Government's proceeding against him mainly by proffer rather than by concrete evidence. To procure a pre-trial detention, however, the Government "need not always spell out in precise detail how [it] will prove its case at trial, [or] what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986). Rather, the district court may order a detention after assessing the reliability of the Government's allegations. *Id.* at 1147. In this action, the specificity of the indictment's allegations suggests that the Government possesses extensive and reliable evidence against both the Devils Diciples generally and Defendant specifically. The indictment alleges, for example, that "on or about August 4, 2007, [a fellow Diciple] and [Defendant] sold approximately 9 grams of methamphetamine to Person LL for $500." (Dkt. # 72 at 31.) This alleged sale looks a lot like a controlled purchase involving a government agent. Other examples of reliability abound.

The court finds by clear and convincing evidence that Defendant presents both a danger to the community and a risk of flight. Accordingly,

IT IS ORDERED that the motion to revoke the order of detention [Dkt. # 497] is DENIED and that the order of detention is AFFIRMED.

                                                   s/Robert H. Cleland
                                                   ROBERT H. CLELAND
                                                   UNITED STATES DISTRICT JUDGE

Dated: February 22, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 22, 2013, by electronic and/or ordinary mail.

                                           s/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522